**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION**

| | |
|---|---|
| **Jorge Yu,** <br> **individually and on behalf of** <br> **all others similarly situated,** <br><br>             **Plaintiff,** <br><br>   v. <br><br> **Millwood, Inc.** <br><br>             **Defendant.** | Case No.: 17-cv-324 |

## COLLECTIVE AND CLASS ACTION COMPLAINT

### PRELIMINARY STATEMENT

1. This is a collective and class action brought by Plaintiff Jorge Yu on behalf of himself and all other similarly situated employees who worked as hourly employees for Defendant Millwood, Inc. at its Cudahy, Wisconsin location. Since March 6, 2014, Defendant Millwood, Inc. had a uniform practice of automatically deducting 20 minute breaks and rounding its hourly employees' punches as recorded in its time clock to decrease the compensable work time for which Plaintiff Yu and the other hourly employees were paid. As a result of this deduction, Defendant Millwood, Inc. failed to compensate Plaintiff Yu and the putative classes' members at one and one-half times their hourly rates of pay for all hours worked in excess of forty in given workweeks and/or at the mandated minimum wage rates for all hours worked in violation of the Fair Labor Standards Act ("FLSA") and Wisconsin wage and hour laws. In addition, Defendant Millwood, Inc. failed to compensate Plaintiff Yu and the putative classes' members at their agreed-upon hourly rates for all hours worked in violation of Wisconsin law.

2. Plaintiff Jorge Yu brings this action, on behalf of himself and other similarly situated current and former hourly employees, as a collective action pursuant to the FLSA for purposes of obtaining relief for unpaid minimum wages, overtime wages, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate. Plaintiff Jorge Yu also brings this action on behalf of other similarly situated current and former employees, as a class action pursuant to FED. R. CIV. P. 23 for purposes of obtaining relief under Wisconsin's wage laws for unpaid minimum wages, overtime wages, agreed-upon wages, civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction under 28 U.S.C. § 1331 because this case presents federal questions brought under the FLSA.

4. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this district, and Defendant Millwood, Inc. has substantial and systematic contacts in this district.

## PARTIES

6. Defendant Millwood, Inc. is an Ohio corporation with its principal office located in Vienna, Ohio and locations in Cudahy, Wisconsin and De Pere, Wisconsin.

7. Millwood Inc.'s registered agent for service of process in the State of Wisconsin is Chad Radke located in De Pere, Wisconsin.

8. Plaintiff Jorge Yu (hereinafter "Plaintiff Yu") is an adult resident of Milwaukee County in the State of Wisconsin. Plaintiff Yu's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A to and is hereby made a part of this Complaint. Plaintiff Yu was formerly employed as an hourly employee by Millwood, Inc. at times since March 6, 2014.

9. Plaintiff Yu brings this action on behalf of himself and all other similarly situated employees in the FLSA Collective Class, as authorized under the FLSA, 29 U.S.C. § 216(b). The **FLSA Collective Class** is defined as follows:

> All persons who are or have been employed by Millwood, Inc. at its Cudahy, Wisconsin location and who have been paid an hourly rate at any time since March 6, 2014.

10. Plaintiff Yu brings this action on behalf of himself and all other similarly situated employees in the Wisconsin Rule 23 pursuant to FED. R. CIV. P. 23. The **Wisconsin Rule 23 Class** is defined as follows:

> All persons who are or have been employed by Millwood, Inc. at its Cudahy, Wisconsin location and who were paid an hourly rate at any time since March 6, 2015.

11. The FLSA Class and the Wisconsin Class will be referred to collectively hereinafter as the "Classes."

## GENERAL ALLEGATIONS

12. Millwood, Inc. manufactures and sells packaging and material handling products – such as pallets, crates, and stretch film.

13. Plaintiff Yu and the FLSA Collective Class work, or have worked, for Millwood, Inc. as hourly employees at times since March 6, 2014.

14. Plaintiff Yu and the Wisconsin Rule 23 Class work, or have worked, for Millwood, Inc. as hourly employees at times since March 6, 2015.

15. Since March 6, 2014, Plaintiff Yu and the Classes have been paid on an hourly basis for their work at Millwood, Inc.'s Cudahy, Wisconsin facility.

16. At times since March 6, 2014, Plaintiff Yu and the Classes' hourly rates have varied on a weekly basis based on their productivity – with a base hourly rate of $7.25 per hour.

17. Since March 6, 2014, Millwood, Inc. has suffered or permitted Plaintiff Yu and the Classes have to work in excess of forty hours in various workweeks.

18. Since March 6, 2014, Millwood, Inc. has required Plaintff Yu and the Classes to record their start and end times at a time clock located within its Cudahy location.

19. Since March 6, 2014, Millwood, Inc. has had a practice of rounding Plaintiff Yu and the Classes' start and end times as recorded in its time clock predominantly in Millwood, Inc.'s favor.

20. In addition, at times since March 6, 2014, Millwood, Inc. has had a practice of deducting twenty minute breaks from the compensable work time of Plaintiff Yu and the Classes for each shift worked in excess of six hours.

21. Since March 6, 2014, Millwood, Inc. has suffered or permitted Plaintiff Yu and the Classes to perform compensable work that was integral and indispensable to their primary job duties – such as setting up work station with and/or cleaning work stations of tools and materials needed in the course of their work at Millwood, Inc. – during the time that Millwood, Inc. rounded in its favor.

22. Since March 6, 2014, the twenty minute breaks which Millwood, Inc. has deducted from the compensable work time of Plaintiff Yu and the Classes have not been bona-fide – and therefore non-compensable – breaks.

23. As a result of the above allegations, Millwood, Inc. has denied Plaintiff Yu and the Classes' members compensation for all hours worked at the applicable minimum wage and/or agreed-upon wage rate since March 6, 2014.

24. As a result of the above allegations, Millwood, Inc. has denied Plaintiff Yu and the Classes' member compensation for all hours worked in excess of forty in a given workweeks at the applicable overtime premium rates since March 6, 2014.

25. Millwood, Inc.'s conduct, as set forth in this complaint, was willful, dilatory, unjust, and in bad faith, and has caused significant damages to Plaintiff Yu and the Classes' members.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

26. Plaintiff Yu and the FLSA Collective Class that he brings this action on behalf of are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to Millwood, Inc.'s decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked at the applicable minimum wage rate and/or for hours worked in excess of forty in a workweek at time and one-half their regular rates as mandated by the FLSA. The claims of Plaintiff Yu as stated herein are the same as those of the FLSA Collective Class he seeks to represent.

27. Plaintiff Yu and the FLSA Collective Class seek relief on a collective basis and challenge Millwood, Inc.'s policies and practices, which led to federal wage violations.

28. As a result of the above-alleged uniform pay practices, Millwood, Inc. has failed to pay Plaintiff Yu and the FLSA Collective Class the mandated minimum wage for all hours worked since March 6, 2014.

29. As a result of the above-alleged uniform pay practices, Millwood, Inc. has failed to pay Plaintiff Yu and the FLSA Collective Class the mandated overtime premium pay for hours worked in excess of forty in a workweek since March 6, 2014.

30. The FLSA Collective Class is readily ascertainable. For purpose of notice and other reasons related to this action, their names, phone numbers, social security numbers, and addresses are readily available from Millwood, Inc. Notice can be provided to the FLSA Collective Class via first class mail to the last address known to Millwood, Inc. and through posting at Millwood, Inc.'s facilities in areas where postings are normally made.

## **RULE 23 CLASS ALLEGATIONS - WISCONSIN**

31. Plaintiff Yu brings his Wisconsin state law claims, pursuant to Wisconsin wage and hour laws, under FED. R. CIV. P. 23 on behalf of the Wisconsin Rule 23 Class for violations occurring on or after March 6, 2015.

32. The members of the Wisconsin Rule 23 Class are readily ascertainable. The number and identity of the members of the Wisconsin Rule 23 Class are determinable from the records of Millwood, Inc.

33. The proposed Wisconsin Rule 23 Class is so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of

Millwood, Inc., upon information and belief, there are at least 40 members in the Wisconsin Rule 23 Class.

34. Plaintiff Yu's claims are typical of those claims which could be alleged by any member of the Wisconsin Rule 23 Class and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Rule 23 Class in separate actions. The alleged claims arise out of the same corporate practices of Millwood, Inc. and Millwood, Inc. benefited from the same type of unfair and/or wrongful acts as to each Wisconsin Rule 23 Class member. Plaintiff Yu and other members of the Wisconsin Rule 23 Class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures.

35. Plaintiff Yu is able to fairly and adequately protect the interests of the Wisconsin Class and has no interests antagonistic to the Wisconsin Rule 23 Class.

36. There are questions of fact and law common to the Wisconsin Rule 23 Class that predominate over any questions affecting only individual members, such as:

   a) Whether Millwood, Inc. violated Wisconsin law's minimum wage requirements by its common policy and practice of deducting twenty minute breaks from the compensable work time of Plaintiff Yu and the Wisconsin Rule 23 Class for each shift worked in excess of six hours;

   b) Whether Millwood, Inc. violated Wisconsin law's overtime pay requirements by its common policy and practice of deducting twenty minute breaks from the compensable work time of Plaintiff Yu and the Wisconsin Rule 23 Class for each shift worked in excess of six hours;

   c) Whether Millwood, Inc. violated Wisconsin law's agreed-upon wage requirements by its common policy and practice of deducting twenty minute

breaks from the compensable work time of Plaintiff Yu and the Wisconsin Rule 23 Class for each shift worked in excess of six hours;

d) Whether Millwood, Inc. violated Wisconsin law's minimum wage requirements by its common policy and practice of rounding Plaintiff Yu and the Wisconsin Rule 23 Class's punch times in Millwood, Inc.'s favor;

e) Whether Millwood, Inc. violated Wisconsin law's agreed-upon wage requirements by its common policy and practice of rounding Plaintiff Yu and the Wisconsin Rule 23 Class's punch times in Millwood, Inc.'s favor;

f) Whether Millwood, Inc. violated Wisconsin law's overtime pay requirements by its common policy and practice of rounding Plaintiff Yu and the Wisconsin Rule 23 Class's punch times in Millwood, Inc.'s favor; and

g) Whether Millwood, Inc.'s actions as described in this complaint were willful, dilatory, and unjust violations of Wisconsin law.

37. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large and wealthy corporate defendant, particularly those with relatively small claims.

38. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the claims.

**FIRST CLAIM FOR RELIEF**
**Violations of the Fair Labor Standards Act of 1938 as Amended**

39. Plaintiff Yu, on behalf of himself and the FLSA Collective Class, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

40. Since March 6, 2014, Plaintiff Yu and the FLSA Collective Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq*.

41. Since March 6, 2014, Millwood, Inc. has been and continues to be an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

42. Since March 6, 2014, Plaintiff Yu and the members of the FLSA Collective Class have been employees within the meaning of 29 U.S.C. § 203(e).

43. Since March 6, 2014, Millwood, Inc. was an employer of Plaintiff Yu and the FLSA Collective Class as provided under 29 U.S.C. § 203(d).

44. Since March 6, 2014, Millwood, Inc. violated the FLSA by failing to account for and compensate Plaintiff Yu and the FLSA Collective Class at the mandated minimum wage rate for each hour they worked each workweek through its practices of deducting twenty minute breaks and rounding start and end times.

45. Since March 6, 2014, Millwood, Inc. violated the FLSA by failing to account for and compensate Plaintiff Yu and the FLSA Collective Class at the mandated overtime premium rate for each hour they worked in excess of forty each workweek through its practices of deducting twenty minute breaks and rounding start and end times.

46. Plaintiff Yu and the FLSA Collective Class are entitled to damages equal to the mandated minimum wage rate for all hours worked that were improperly deducted and/or rounded within the three years prior to the filing of this Complaint, plus periods of equitable

tolling because Millwood, Inc. acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

47. Plaintiff Yu and the FLSA Collective Class are entitled to damages equal to the mandated overtime premium rate for all hours worked in excess of forty in a workweek that were improperly deducted and/or rounded within the three years prior to the filing of this Complaint, plus periods of equitable tolling because Millwood, Inc. acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

48. Millwood, Inc.'s failure to properly compensate Plaintiff Yu and the FLSA Collective Class was willfully perpetrated and Plaintiff Yu and the FLSA Collective Class are therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

49. Alternatively, should the Court find that Millwood, Inc. did not act willfully in failing to pay minimum wages, Plaintiff Yu and the FLSA Collective Class are entitled to an award of pre-judgment interest at the applicable legal rate.

50. Pursuant to FLSA, 29 U.S.C. § 216(b), Plaintiff Yu and the FLSA Collective Class are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid minimum wages.

**SECOND CLAIM FOR RELIEF**
**Violations of Wisconsin Law – Unpaid Minimum Wages**

51. Plaintiff Yu, on behalf of himself and the members of the Wisconsin Rule 23 Class, re-allege and incorporate all previous paragraphs as if they were set forth herein.

52. Since March 6, 2015, Plaintiff Yu and the members of the Wisconsin Rule 23 Class were employees within the meaning of Wis. Stat. §§ 109.01 *et seq.*

53. Since March 6, 2015, Plaintiff Yu and the members of the Wisconsin Rule 23 Class were employees within the meaning of Wis. Stat. §§ 103.001 *et seq*.

54. Since March 6, 2015, Plaintiff Yu and the members of the Wisconsin Rule 23 Class were employees within the meaning of Wis. Stat. §§ 104.01 *et seq*.

55. Since March 6, 2015, Plaintiff Yu and the members of the Wisconsin Rule 23 Class were employees within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq*.

56. Since March 6, 2015, Plaintiff Yu and the members of the Wisconsin Rule 23 Class were employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq*.

57. Since March 6, 2015, Millwood, Inc. was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq*.

58. Since March 6, 2015, Millwood, Inc. was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq*.

59. Since March 6, 2015, Millwood, Inc. was an employer within the meaning of Wis. Stat. §§ 104.01 *et seq*.

60. Since March 6, 2015, Millwood, Inc. was an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq*.

61. Since March 6, 2015, Millwood, Inc. was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq*.

62. Since March 6, 2015, Millwood, Inc. has employed, and/or continues to employ, Plaintiff Yu and the members of the Wisconsin Rule 23 Class within the meaning of Wis. Stat. §§ 109.01 *et seq*.

63. Since March 6, 2015, Millwood, Inc. has employed, and/or continues to employ, Plaintiff Yu and the members of the Wisconsin Rule 23 Class within the meaning of Wis. Stat. §§ 103.001 *et seq.*

64. Since March 6, 2015, Millwood, Inc. has employed, and/or continues to employ, Plaintiff Yu and the members of the Wisconsin Rule 23 Class within the meaning of Wis. Stat. §§ 104.01 *et seq.*

65. Since March 6, 2015, Millwood, Inc. has employed, and/or continues to employ, Plaintiff Yu and the members of the Wisconsin Rule 23 Class within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

66. Since March 6, 2015, Millwood, Inc. has employed, and/or continues to employ, Plaintiff Yu and the members of the Wisconsin Rule 23 Class within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

67. Since March 6, 2015, Millwood, Inc. has had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully, unjustly, and dilatorily failing to properly pay Plaintiff Yu and the members of the Wisconsin Rule 23 Class minimum wage and agreed-upon compensation for all hours worked and overtime premium compensation for all hours worked in excess of forty in a given workweek as a result of its practices of deducting twenty minute breaks and rounding employee start and end times.

68. Wis. Stat. §109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

69. The foregoing conduct, as alleged above, constitutes willful, dilatory, and unjust violations of Wisconsin laws requiring the payment of minimum, agreed-upon, and overtime wages.

70. As set forth above, Plaintiff Yu and the members of the Wisconsin Rule 23 Class have sustained losses in their compensation as a proximate result of Millwood, Inc.'s violations. Accordingly, Plaintiff Yu, on behalf of himself and the Wisconsin Rule 23 Class, seeks damages in the amount of their respective unpaid compensation for all hours deducted and/or rounded from their compensable work time, injunctive relief requiring Millwood, Inc. to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

71. Under Wis. Stat. § 109.11, Plaintiff Yu and the Wisconsin Rule 23 Class are entitled to civil penalties equal and up to fifty percent of their unpaid wages.

72. Plaintiff Yu, on behalf of himself and the Wisconsin Rule 23 Class, are entitled to recovery of attorneys' fees and the costs of this action to be paid by Millwood, Inc., pursuant to the Wisconsin law.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Yu, on his own behalf and on the behalf of all members of the FLSA Collective Class and the Wisconsin Rule 23 Class request the following relief:

a) An order designating this action as a collective action on behalf of the FLSA Collective Class and issuance of notices pursuant to 29 U.S.C. § 216(b) to all similarly-situated individuals;

b) An order certifying this action as a FED. R. CIV. P. 23 class action on behalf of the proposed Wisconsin Rule 23 Class;

c) An order designating Plaintiff Yu as the Named Plaintiff and as representative of the Classes set forth herein;

d) An order designating Hawks Quindel, S.C. as Class Counsel for the Classes;

e) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

f) Issuance of an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Millwood, Inc.'s actions as described in the Complaint as unlawful and in violation of Wisconsin law and applicable regulations;

g) An order finding that Millwood, Inc. violated the FLSA and Wisconsin wage and hour laws;

h) An order finding that these violations were willful, dilatory, and unjust;

i) Judgment against Millwood, Inc. in the amount equal to Plaintiff Yu's, the FLSA Collective Class's, and the Wisconsin Rule 23 Class's unpaid wages at the applicable minimum wage rates;

j) Judgment against Millwood, Inc. in the amount equal to Plaintiff Yu's, the FLSA Collective Class's, and the Wisconsin Rule 23 Class's unpaid wages at the applicable overtime premium rates;

k) Judgment against Millwood, Inc. in the amount equal to Plaintiff Yu and the Wisconsin Rule 23 Class's unpaid wages at the applicable agreed-upon wage rates;

l) An award in the amount of all liquidated damages and civil penalties as provided under Wisconsin law and the FLSA;

m) An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims; and

n) Such further relief as the Court deems just and equitable.

Dated this 6th day of March 2017.

Respectfully submitted,

*s/ Summer H. Murshid*
Summer H. Murshid
State Bar No. 1075404
Larry A. Johnson
State Bar No. 1056619
Timothy P. Maynard
State Bar No. 1080953

**Hawks Quindel, S.C.**
222 East Erie Street, Suite 210
P.O. Box 442
Milwaukee, WI 53201-0442
Telephone:    414.271.8650
Facsimile:    414.271.8442
Emails:    ljohnson@hq-law.com
smurshid@hq-law.com
tmaynard@hq-law.com